## A. BRADSHAW v. J. APPERSON AND OTHERS.

1. Suit was instituted by appellant as assignee of certain promissory notes, purporting to have been executed by J. B. as agent of C. The petition was filed against C., J. B., and G. B., as partners. The partnership being put in issue by J. and G. B., the court below instructed the jury, that if they believed that defendants J. and G. B. were secret partners with A. at the time the notes sued on were executed, and that the notes sued on were signed by J. B. as agent of A., in furtherance of a fraudulent collusion of all the defendants for the purpose of covering up the liability of J. and G. B. etc., they should find the said J. and G. B. jointly and severally liable with the said A. for the amount expressed by the face of the notes. *Held* to be error. If J. and G. B. were secret partners of A. at the time of the execution of the notes sued on, then they were liable, regardless of the question of fraud. *Held further*, that under the charge of the court the jury were compelled, in case they found that J. B. signed the notes as agent of A. in furtherance of a fraud, to render a verdict against all of the defendants, for the amount expressed on the face of the notes, regardless of the question whether J. B. had authority to sign the name of A., or whether any or all of the notes were still due and unpaid.

2. It is a well settled principle of the law of partnership, that a person who merely receives a certain percentage of the profits of a firm, in lieu of a salary, does not thereby become a partner, and liable for partnership debts. In order to make him responsible as a partner, it is necessary that he should receive a stipulated portion of the profits, as profits, and not as wages.

APPEAL from Ellis. Tried below before the Hon. C. T. Garland.

Suit was instituted in the court below by Amzi Bradshaw, the appellant, against J. T. Apperson, J. H. Bullard, and G. P. Bullard, to recover the amount of three promissory notes given

for merchandise in New York and transferred to appellant for collection.

The notes are signed by J. H. Bullard as agent of J. T. Apperson. Thus it does not appear upon the face of the notes that the Bullards were liable. The petition, however, charged that J. H. and G. P. Bullard were secret partners of J. T. Apperson, and as such partners, were legally bound for the payment of the notes, and that this secret partnership was a fraudulent device for the purpose of defrauding creditors.

The defendants were all served with process, but defendant Apperson did not answer. J. B. and G. P. Bullard answered, denying the partnership and charges of fraud, and claimed to be wholly exempt from liability.

On the trial of the case the court instructed the jury substantially as follows:

If you believe from the evidence that J. H. and G. P. Bullard were secret co-partners with defendant Apperson, at the time the notes sued on were executed, and that the notes sued on were signed by J. H. Bullard as the agent of Apperson, in furtherance of a fraudulent collusion of all of said defendants, for the purpose of covering up their liability, etc., you will find the said defendants J. H. and G. P. Bullard jointly and severally liable with said Apperson for the amount expressed by the face of said notes.

If you believe from the testimony that defendants J. H. and G. P. Bullard were not secret partners with said Apperson, but that J. H. Bullard signed the notes in good faith as the agent of Apperson, then you will find for the defendants J. H. and G. P. Bullard.

In determining the question of partnership, you are instructed that a share in the profits of a concern is *prima facie* evidence of partnership; but the presumption may be rebutted by sufficient proof to the contrary.

Verdict and judgment were had in favor of the defendants. Plaintiff moved for a new trial; his motion being overruled,

he excepted and gave notice of appeal, assigning as error the instructions of the court to the jury.

*Bradshaw & Kemble*, for appellant. In the first part of the general charge given, the jury are, in effect, charged that a secret partnership of the Bullards with Apperson when these notes were given, would not alone render them liable, but the jury are told, that they must further be satisfied that the signing of the notes by Bullard for Apperson, was for the purpose of defrauding creditors, and defeating the collection of these notes. First, the secret partnership; second, the intent to defraud creditors; third, to defeat collection of these notes sued on: all these must combine to render the Bullards liable according to this charge.

Such in our judgment is not the law. But before citing authorities on this subject, we wish to call attention to the second part of the charge. Here the jury are told, that a share in the profits is only *prima facie* evidence of co-partnership. We submit that this is also incorrect as a proposition of law, and was calculated to mislead the jury.

A secret partner is equally bound for the partnership debts. (Story on Partnership, Section 103, Note 4.)

A share in the profits constitutes one a partner, and the court is the judge whether there is a partnership or not. (See Parsons on Contracts, Vol. I., 166.)

The court should have instructed the jury, that if the facts show that the Bullards were to share in the profits of the house, although their names were not to be in the firm, that would render them partners, and liable for all debts. (See Winship *v.* Bank of United States, 9 Curtis's Rep., 465.)

In the case of Devine *v.* Martin, 15 Texas Reports, page 31, the court say: "Partners are all liable for articles purchased "for the benefit of the firm, although the vendor does not "know of the existence of the firm, and though he supposes "himself dealing with, and giving credit to an individual part- "ner, and charging him alone in his book." (See also Reynolds *v.* Cleveland, 4 Cowen, 282; Story on Partnership, 5th

Ed., Section 63, 69, 60, 61; 3 Kent, 7th Ed., p. 25, 26, Section 43, Note 6.)

Chief Justice Tindal says: " Traders become partners be- " tween themselves, by a mutual participation of profits and " loss; but as to third persons, they are partners if they share " the profits of the concern, for he who receives a share of the " profits, receives part of that fund upon which the creditor had " a right to rely for payment. (Patts *v.* Eyton, 3 Wen. G. & " Scott's Rep. 32, 33; Hemstreet *v.* Howland, " R., 68; Oakley *v.* Aspinwall, 2 Sands' L. Rep. 7; Lafon *v.* " Chin, 6 B. Monroe's Rep. 305; Barry *v.* Visham, M. G. & " Scotts' Rep. 641. Story on Partnership, 5th Ed., Sections 27, " 40, 56, 57, 68, 69, 49. Parsons on Contracts, Vol. I., p. 159.)"

From these authorities, it is evident that one who is to share in the profits is a partner, because it would be a matter of impossibility to determine the amount of the profits unless the loss is first deducted; and if the loss should overrun the profits, the partner would not be entitled to anything. In that case it is evident that the partner suffers by the loss.

But now, to return to the first part of the charge, we have seen above from numerous authorities, that a secret partner stands upon the same ground, and is subject to all the liabilities with other partners as to creditors, provided only, that he is a partner; he had as well be a public as a secret one. But this charge does not say so; but says that if he is a secret partner, he is not liable unless his secrecy is intended to defraud creditors, and not only intended to defraud creditors, but these identical claims sued upon. How preposterous! The parties could not know, when forming the secret agreement, that these claims would ever exist, for the debts were contracted afterwards. If a fraudulent intent were a necessary ingredient to constitute them partners, it is apprehended that a general intent to defraud creditors then existing, or afterwards to exist, would amply cover the ground. But as we have seen, no fraudulent intent of any kind is necessary to constitute the partnership; that the fact of partnership constitutes the liability; that a secret part-

ner stands on the same footing with a public one; and that a participation in the profits does of itself constitute a partnership, as to creditors.

No brief for the appellees has reached the hands of reporter.

OGDEN, J.    There is manifest error in the charge of the court, wherein the jury were instructed that, "If you believe from the "testimony that defendants J. H. and George P. Bullard were "secret partners with defendant Apperson at the time the "notes sued on were executed, and that said notes were signed "by J. H. Bullard, as the agent of Apperson, in furtherance "of a fraudulent collusion of all of said defendants, for the pur- "pose of fraudulently covering up the liability of said J. H. "and George P. Bullard, and of thereby hindering and delay- "ing the collection of said notes, then you will find the said "defendants J. H. and G. P. Bullard jointly and severally "liable with said Apperson, for the amount expressed in the "face of said notes." This charge contains two very grave errors, either of which would require a reversal of the judgment.

In the first place the jury were instructed, that if the Bullards were the secret partners of Apperson, and that if J. H. Bullard signed said notes as the agent of Apperson, for a fraudulent purpose, then they were to find for the plaintiff the full amount expressed on the face of the notes, against all of the defendants, regardless of the further question, whether Bullard had any authority to sign Apperson's name or not, or whether any or all of said notes were still due and unpaid, when in fact one of the notes had quite a large sum endorsed on it, as a credit.   And if the jury obeyed the instructions of the court, as they should have done, then they found a judgment for the plaintiff for money he had already received and credited, and did not now ask a judgment for.

Again, the principal controverted question was, whether or not J. H. and G. P. Bullard were the secret partners of the

defendant Apperson ; and that simple question, unincumbered by other matters, should have been presented to the jury. If the Bullards were the secret partners of Apperson, then they were liable for all the partnership debts, regardless of the question of fraud, or an attempt to evade the debts of Apperson or the Bullards. But the court in effect charged the jury, that it was not sufficient, in order to hold the Bullards responsible on the notes, that they were secret partners of Apperson, but that they must also have been engaged in a fraudulent transaction to defraud their own and Apperson's creditors. This charge most certainly does not enunciate the law, in relation to the liability of secret partners, and may have misled the jury and vitiated their verdict.

As this cause must go back for a new trial, and as the question of partnership must be again determined, it may not be improper here to remark, that it is believed to be now a well settled principle of the law of partnership, that a clerk in a mercantile house, or an employee in any firm or business, who receives a certain per cent. or portion of the profits of the firm, for or in lieu of a salary, is not thereby a partner, and liable for the partnership debts. But if a person stipulate for a certain portion of the profits as such, and not as wages, and becomes entitled to participate in the management and control of the business, and to an account of the partnership affairs, such person may be presumed to have intended to make himself liable as a partner.

The judgment is reversed and the cause is remanded.

Reversed and remanded.