Opinion by
Will-son, J.
§ 146. Partners; who are inter se; construction of contract. In construing a contract to determine whether or not it constitutes the parties thereto partners, the whole contract must be construed together, and the intention -of the parties- thereto must prevail. If it is apparent, from the instrument, that the parties themselves did not intend to become partners, then they are not partners. As between the parties to the contract, a partnership in fact can only exist where there is a voluntary agreement made for that purpose. There must be an actual intention to be partners, to constitute them such. [5 Wait’s Act. & Def. § 3.]
*139 April 19, 1884.
§ 147. Same; who are as to third persons. But as to third persons, parties may be held liable as partners, contrary to their expressed intention as between themselves. To constitute a partnership as to third persons, all that is required is, that the parties to the contract shall have a communion of interest in the profits, and it is not essential that there should also be a community of interest in the property or capital, used in the business,' nor that there should be an agreement to share in the losses. [Goode v. McCartney, 10 Tex. 195; Bradshaw v. Apperson, 36 Tex. 133; Cathron v. Marmaduke, 3 Tex. Law Review, 15, 31; Legett v. Hyde, 58 N. Y. 272.]
§ 148. Same; a contract which was held to constitute the parties thereto partners as to third persons. One Slattery was awarded a contract by the city of Fort Worth to lay sewer-pipes, etc. To avail himself of the same, he was required to execute to the city a bond with security, in the sum of $10,000, conditioned for the faithful performance of said contract. He procured Cleveland & Cameron to go upon this bond as his sureties, and in consideration of their becoming said sureties agreed that they should have and receive one-third part of the net profits accruing to him from said contract with the city, and also stipulated that all money drawn upon said contract with said city should be drawn and received by said Cleveland & Cameron, and power to draw said money was expressly granted said Cleveland & Cameron in their contract with said Slattery. Held, that the said contract between Slattery and Cleveland & Cameron constituted them partners as to third persons in the contract with said city, and that as such partners they were liable for debts incurred in the performance of said contract with the city.
Affirmed.